## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MELISSA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 1:14-CV-02464-JCF |
| DELTA DENTAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, Melissa Thomas, and Defendant, Delta Dental Insurance Company (collectively, the "Parties"), hereby file this Amended Joint Motion for Approval of Settlement Agreement and Joint Stipulation of Dismissal with Prejudice, and state the following:

This is an action filed under the Fair Labor Standards Act ("FLSA"), in which Plaintiff sought recovery for allegedly unpaid overtime wages. Defendant denies Plaintiff's allegations and disputes her entitlement to unpaid overtime wages. Defendant believes that Plaintiff is not entitled to the benefits conferred to her in the Parties' Settlement Agreement, and she is receiving compensation she likely would not have recovered had she proceeded to trial. Specifically, Defendant

has consistently asserted that it paid Plaintiff all overtime to which she is entitled under the FLSA and that it does not owe any unpaid overtime wages to Plaintiff.

The Parties recognize the fact-intensive nature of Plaintiff's allegations and the time and expense required continuing to litigate such matters. In reaching compromise on the FLSA portion of the settlement, the Parties have also taken into account the uncertainty and risks inherent in any litigation, as well as the costs associated therewith, as well as the mutual desire to come to a global resolution of all disputes. In the litigation, there were heavily disputed issues regarding *inter alia*, Plaintiff's exemption status, hours worked, the availability of liquidated damages, the applicable statute of limitations and rate for calculating Plaintiff's damages, and applicable defenses to Plaintiff's claim.

All Parties have been represented by counsel throughout the litigation. Counsel for the Parties are experienced employment attorneys who have each handled a number of FLSA cases during their careers. Plaintiff's claims involve disputed issues, as reflected by the Complaint and Defendant's Answer. The Parties exchanged detailed information bearing on the relative merits of Plaintiff's claims for overtime compensation, including extensive written discovery. A number of depositions were set, including Plaintiff's deposition and the deposition

of 30(b)(6) witnesses, but eschewed in the interest of minimizing litigation and continued settlement negotiations.

After considering Defendant's arguments regarding Plaintiff's hours worked, Plaintiff is satisfied that the amount of the settlement represents a reasonable compromise of her claims. The Parties agreed to the terms of the settlement after they were counseled by their respective attorneys. Counsel for the Parties agree that the settlement is fair and reasonable to all Parties. The Parties also attest to the fairness and reasonableness of the settlement and request that the Court approve the settlements and dismiss the action with prejudice. After careful consideration and extensive negotiations on an intensely disputed claim, the Parties have decided to resolve this matter and have memorialized their agreement in a written Settlement Agreement. *See* Exhibit A.

## MEMORANDUM OF LAW

Due to inequities in bargaining power, Congress and the courts have limited the ability of an employee to waive his or her rights under the FLSA. There are two ways in which back wages claims arising under the FLSA can be compromised: (1) a supervised settlement by the Department of Labor or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C.

§216(b). In this Circuit, the settlement of an FLSA claim requires Court approval.

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. . . . Thus, when the Parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement in litigation.

*Id*. at 1354.

Importantly, throughout the entirety of the resolution process, Plaintiff was represented by competent counsel with experience in this area of law. Plaintiff's counsel has reached the conclusion that the Parties' proposed settlement represents a fair and reasonable resolution of this claim, rendering the agreement "almost by definition[] reasonable." *See Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp.2d 1222, 1227 (M.D. Fla. 2009). *See also Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (*Lynn's Food* fairness concerns not implicated where settlement occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel).

The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and her counsel discussed Plaintiff's regular and overtime hours and pay rate, and formulated proposed settlement figures. The Parties engaged in settlement discussions based upon their independent valuations of the case. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Plaintiff and a representative of Defendant have signed the Settlement Agreement and Release setting forth the terms of the settlement. Per the Court's instruction, the parties provide the following additional input regarding several issues pertaining to the settlement.

A.    **Confidentiality**

Defendant requests both enforcement of the confidentiality provision set forth in the proposed agreement and that the agreement not become part of the public record. This case is distinguished from *Webb v. CVS Caremark Corp.*, No. 5:11-cv-106 (CAR), 2011 WL 6743284, *1-2 (M.D.Ga. Dec. 23, 2011) in that the parties are settling both Title VII retaliation claims *and* FLSA claims. As set forth in paragraph 3 of the proposed agreement, the parties wish to settle Plaintiff's pending EEOC Charge, No. 410-2014-01916. For Defendant, a global settlement of all

pending claims is a prerequisite to any settlement at all. As the *Webb* Court noted, in most cases, when parties settle, the settlements are purely private contracts which do not require court approval. *Id*. at *1. Accordingly, the agreement's confidentiality provisions are enforceable with respect to Plaintiff's Title VII claims and the inclusion of FLSA claims should not alter this result.

**B.    Inclusion of a General Release in the Settlement**

As established above, in addition to settling Plaintiff's FLSA claims, the parties are also settling a pending EEOC Charge for which Plaintiff will receive additional consideration, separate and apart for the amount she is receiving for release of her FLSA claims. As such, this is not a case in which Plaintiff is broadly releasing all potential claims in exchange for wages Defendant arguably already owed her.  *See Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1350-51 (M.D.Fla. 2010). Moreover, in exchange for release of her FLSA claims, Plaintiff will receive more money than she is arguably entitled to under the FLSA. *See infra* section C. Because Plaintiff will receive more consideration than the wages to which she is arguably entitled, inclusion of a general release is appropriate.

**C.    Attorneys' Fees**

Plaintiff alleges that from June 31, 2011 to August 18, 2013, she was misclassified by Defendant as exempt from the overtime requirements of the

FLSA. During this period, Plaintiff was paid on a salary basis and she contends that she regularly worked unpaid overtime. Specifically, Plaintiff contends that she worked approximately 947 overtime hours during the three-year period preceding the filing of her Complaint in this action, including approximately 446 hours during the two-year period preceding the filing of this action.

Using Plaintiff's calculation of her unpaid hours and assuming a two-year statutory period and applying the fluctuating workweek ("FWW") method in calculating Plaintiff's damages, Plaintiff's maximum potential unpaid overtime would be approximately $3,478.80.[1] Using Plaintiff's calculation of her unpaid hours and assuming a three-year statutory period and applying the FWW method in calculating Plaintiff's damages, Plaintiff's maximum potential unpaid overtime would be approximately $7,386.60.[2]

The Parties' proposed settlement will provide Plaintiff with $23,000.00, less applicable wage withholdings on $4,000.00 of that amount. Thus, Plaintiff is receiving roughly three times the amount of unpaid overtime and liquidated damages

---

[1] ($765 weekly salary (divided) by estimated blended divisor of 49 hours = $15.61 regular rate (multiplied) by .5 = $7.80 half time rate owed for overtime hours (multiplied) by 446 alleged unpaid overtime hours = $3,478.80 in unpaid overtime).

[2] ($765 weekly salary (divided) by estimated blended divisor of 49 hours = $15.61 regular rate (multiplied) by .5 = $7.80 half time rate owed for overtime hours (multiplied) by 947 alleged unpaid overtime hours = $7,386.60 in unpaid overtime).

compensation to which she could be entitled for a three-year statutory period assuming application of the FWW in calculating damages.

Pursuant to the proposed settlement, Plaintiff's counsel will receive $21,312.32 in attorneys' fees, and be reimbursed $687.68 in litigation costs. At mediation over two months ago, Plaintiff's counsel was offered $30.000.00 in fees. In order to get this case resolved, Plaintiff counsel have significantly reduced their fee. To date, Plaintiff's counsel have incurred over $39,500.00 in fees in this case, i.e. Plaintiff's counsel are receiving roughly half their lodestar in this case.

As to Plaintiff's lead counsel's rate, Attorney Roberts is a 2009 graduate of Tulane University Law School. On August 8, 2011, the District Court for the Northern District of Georgia approved Attorney Roberts' requested hourly rate of $250.00, in ruling on a fee petition submitted in *Goodridge v. Astrue*, 1:07-cv-1919-RLV, at [Doc. 101]. In approving Attorney Roberts' hourly rate, as of August 2011, the Court opined that the $250.00 hourly rate was "reasonable and consistent with the rates charged by attorneys of comparable experience in the Atlanta area." *Id*. at 7-8.

Since that time, Attorney Roberts has served as counsel of record in more than 70 cases in the N.D. of Georgia, including more than 60 actions with FLSA claims.

On May 23, 2014, the N.D. of Georgia approved Attorney Roberts' current $300.00 hourly rate in ruling on counsel's fee petition in an FLSA case tried to verdict. *Cain v. Almeco U.S.A., Inc.*, 1:12-cv-3296-TWT, at Dkt. Entry 84.

For the foregoing reasons, the Parties jointly and respectfully request that the Court approve the settlement agreement of the Parties and order the dismissal with prejudice of this action.

## <u>CONCLUSION</u>

As discussed above, counsel for the Parties believe that the settlement is fair and reasonable in light of the disputed nature of the claims, including Plaintiff's exemption status, hours worked, the applicable statute of limitations and rate for calculating damages, the fees and costs associated with prosecuting and defending the action, and the uncertainty of litigation. Accordingly, the Parties jointly and respectfully request that once the Court reviews the agreement, it approves the settlement of this matter and dismisses this case with prejudice.

Respectfully submitted, this 2nd day of April, 2015.

| | |
|---|---|
| *s/ V. Severin Roberts* | *s/ Kristy G. Offitt* |
| Amanda A. Farahany | Gregory J. Hare |
|   Georgia Bar No. 646135 |   Georgia Bar No. 326020 |
|   amanda@bf-llp.com |   greg.hare@ogletreedeakins.com |
| V. Severin Roberts | Kristy G. Offitt |
|   Georgia Bar No. 940504 |   Georgia Bar No. 707231 |
|   severin@bf-llp.com |   kristy.offitt@ogletreedeakins.com |

BARRETT & FARAHANY, LLP
1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone:  404.214.0120
Facsimile:   404.214.0125

*Counsel for Plaintiff*

OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, Georgia 30303
Telephone: 404.881.1300
Facsimile:  404.870.1732

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MELISSA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 1:14-CV-02464-JCF |
| DELTA DENTAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I certify that on April 2, 2015, I electronically filed the foregoing **Amended Joint Motion for Approval of Settlement Agreement and Joint Stipulation of Dismissal with Prejudice** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

V. Severin Roberts
Amanda A. Farahany
Barrett & Farahany, LLP
1100 Peachtree Street, Suite 500
Atlanta, GA 30309
vsroberts@bf-llp.com
amanda@bf-llp.com

*s/Kristy G. Offitt*
Kristy G. Offitt (Georgia Bar No. 707231)

11